SKROK *v.* CITY OF WARREN.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—ORDINANCE—PROBATIONARY PERIOD.

Trial court's holding that plaintiff was a probationary employee until the appointing authority notified the civil service board and plaintiff that the latter's services during the probationary period were satisfactory under the civil service ordinance *held*, consistent with the language of the ordinance (Warren City Ordinance 18, § 14, art 4).

2. APPEAL AND ERROR—JUDGMENT—CIVIL SERVICE—SUMMARY JUDGMENT.

Holding of trial court that defendant city's motion for summary judgment should be granted on ground that plaintiff's complaint failed to state a claim on which relief could be

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Civil Service §§ 24, 37.

granted in action to compel plaintiff's reinstatement as deputy
controller of defendant city *held*, proper, since plaintiff was
a probationary employee until the appointing authority noti-
fied the civil service board and plaintiff that the latter's serv-
ices during the probationary period were satisfactory, and
since such notice did not appear, plaintiff was not protected
by civil service and his complaint failed to state a claim on
which relief could be granted (Warren City Ordinance 18,
§ 14, art 4; GCR 1963, 117.2[1]).

Appeal from Macomb; Deneweth (George R.), J.
Submitted Division 2 November 9, 1966, at Lansing.
(Docket No. 2,162.)   Decided December 22, 1966.

Complaint by Henry Skrok against City of War-
ren, a municipal corporation, and the City of Warren
Civil Service Commission to compel his reinstate-
ment as deputy controller of the City of Warren,
and for other relief.   Summary judgment for de-
fendants.   Plaintiff appeals.   Affirmed.

*Davidow & Davidow* (*Larry S. Davidow*, of coun-
sel), for plaintiff.

*Emil E. Cardamone*, Warren City Attorney, and
*Robert F. Cella*, Assistant City Attorney, for defend-
ants.

QUINN, P. J.   Plaintiff filed his complaint in
Macomb county circuit court to compel defendants
to reinstate him as deputy controller of the city of
Warren and for other relief.   Defendants answered;
plaintiff filed reply, and defendants moved for sum-
mary judgment under GCR 1963, 117.2(1) on the
ground plaintiff had failed to state a claim on which
relief could be granted.   The trial court granted
summary judgment and plaintiff appeals.

The issue presented is whether summary judgment
was proper on this record, and the answer to the

issue is dependent on whether plaintiff was protected by the civil service ordinance of defendant city of Warren.

Plaintiff took a competitive examination with defendant civil service commission for the office of assistant controller and budget director in the department of the controller of the defendant city. Plaintiff passed the examination, and on March 16, 1965, he was advised of his appointment to the position sought. At the same time, plaintiff was advised of a required six months' probationary period and that at the conclusion of the probation, he would be covered by civil service. Plaintiff accepted the appointment and commenced work. Upon completion of six months' work, he was notified that his probation had been extended six months. Plaintiff protested this extension and thereafter he was discharged.

Section 14, article 4 of ordinance 18 of the city of Warren provides in part as follows:

"that all new appointments involving personnel on a salary basis, which salary shall be in the amount of $4,500 per annum or more, said probationary period shall be for six months. * * * If, at the end of the probationary period the appointing authority has found the services of the appointee satisfactory he shall so notify the board and the probationer shall thereupon, forthwith come under the merit system."

On the basis of this provision, plaintiff contended in his complaint that he had completed his probationary period, that there was no authority in the ordinance to extend his probationary period and that such extension was a nullity. He further contended he was in fact deputy controller and should be reinstated, but he did not allege that the appointing

authority had found his services satisfactory and had so notified the board and himself.

The trial court found plaintiff was a probationary employee until the appointing authority notified the civil service board and plaintiff that the latter's services during the probationary period were satisfactory, and since such notice did not appear, plaintiff was not protected by civil service and his complaint failed to state a claim on which relief could be granted.

We find the trial court's interpretation of section 14 of the ordinance to be consistent with the language thereof. Without pleading that the required notice of satisfactory service had been given by the appointing authority, plaintiff's complaint failed to state a claim on which relief could be granted and summary judgment was properly granted under GCR 1963, 117.2(1). There was no disputed fact involved on this point.

Affirmed, but without costs. A public question is involved.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.